UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KRISTIN L. KOEHLER,

Plaintiff,

CIVIL NO. 01-789 (DSD/JMM)

v.

REPORT AND RECOMMENDATION

SHOPKO STORES, INC. and
UNITED WISCONSIN LIFE
INSURANCE CO.,

Defendants.

The above matter came on before the undersigned upon Defendant ShopKo Stores, Inc.'s Motion to Transfer Venue and/or to Dismiss. In a telephone conference with the Court on September 26, 2001, the Parties agreed that the pretrial conference should be canceled, and that Plaintiff's letter to the Court dated August 13, 2001 would be his response to the Motion. The Parties agreed that this Court should consider the matter and issue its opinion without oral argument, based upon the written pleadings. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant ShopKo Stores, Inc.'s Motion to Transfer Venue and/or to Dismiss is granted in part and denied in part.

**FINDINGS OF FACT/REPORT**

Defendants have substantiated that this matter involves claims relating to insurance on the life of Gordon Koehler, an employee of Shopko Stores, Inc. Gordon Koehler was a resident of Wisconsin. He died on July 16, 2000. He had been employed

FILED SEP 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

by a Wisconsin corporation. All of the persons who may be witnesses reside in Wisconsin. The only relationship to Minnesota is that the named Plaintiff is one of Gordon Koehler's children. Defendant Shopko has filed a comprehensive Memorandum which establishes that its Motion should be granted. Plaintiff does not dispute the arguments of Defendant. The sole area of dispute is whether the matter should be dismissed without prejudice, or whether it should be transferred to Wisconsin. We conclude that the dismissal is the preferred alternative under the facts of this case.

The provisions of 28 U.S.C. § 1406(a) apply in this case.[1] In a telephone conference with the Court on September 4, 2001, the Parties agreed that the matter should be transferred to Wisconsin. Accordingly, and at the request of the Parties, this Court canceled the Pretrial Conference which had been scheduled, to afford to Plaintiff the opportunity to retain Wisconsin counsel, and to cause the matter to be transferred. A deadline for doing so was established by this Court, by issuing a new Order for a Pretrial Conference, to be held on September 26, 2001. Shortly before that conference, counsel for Plaintiff wrote to the Court to advise that he had not yet retained Wisconsin counsel. In a telephone conference with the Court, counsel for Plaintiff was unable to provide a firm date by which Wisconsin counsel would be retained. Defendants contend that dismissal is now the appropriate response to their Motion.

Counsel for Plaintiff acknowledges that the case was brought in the wrong district, and he acknowledges that the Complaint must be amended, since some or all of

---

1

28 U.S.C. § 1404(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

the allegations in the present Complaint may not withstand a Motion to Dismiss or for Summary Judgment. He does not contend that statute of limitations or other substantive issues would be raised by the dismissal of the Complaint without prejudice. His only argument in support of transfer, as opposed to dismissal, is his desire to avoid paying an additional filing fee if the case is recommenced in Wisconsin. This argument overlooks the substantial costs and attorneys' fees incurred by all Parties, which are already the consequence of the matter having been filed in the wrong district.

**RECOMMENDATION**

The statute provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such case." We do not find that it is in the interest of justice that the case be transferred, under the facts outlined. We therefore recommend that the District Court follow the mandatory language of the statute, and that it dismiss the case without prejudice.

For the reasons set forth above, it is recommended that Defendant ShopKo's Motion to Transfer Venue and/or to Dismiss is granted in part and denied in part. We recommend that the District Court enter its Order dismissing Plaintiff's Complaint without prejudice.

Dated: September 27, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before October 15, 2001 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500